**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ZACHARY BENJAMIN,

    Plaintiff,

v.   No. 1:24-cv-00998

NEW MEXICO ASSOCIATION OF
REALTORS,

    Defendant.

## NOTICE OF REMOVAL

COMES NOW, Defendant New Mexico Association of Realtors ("NMAR"), through its attorneys, Conklin, Woodcock & Ziegler, P.C. (John K. Ziegler and Joseph C. Haupt), and pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446, submit this notice of removal based on diversity jurisdiction for the purposes of removing the above-entitled action to the United States District Court for the District of New Mexico ("Notice of Removal"). NMAR states as follows:

1. On June 6, 2022, Plaintiff filed the instant civil action in the First Judicial District Court, County of Sante Fe, State of New Mexico, Case No D-101-CV-2024-02101. **Exhibit A**, Complaint for Civil Damages ("Complaint"), p. 1.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where: (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest. *Calloway v. Bank of America Corp.*, 646 F. App'x., 578, 580 (10th Cir. 2016).

**Diversity of Citizenship Exists Between the Parties.**

3.      Plaintiff is a citizen in of Pennsylvania. "For the purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citations omitted). Mr. Benjamin relocated his family to Pennsylvania when he became the President and CEO of the Jewish Federation of Greater Harrisburg. *See* **Exhibit B**. In doing so, he made comments indicating his eagerness to root himself in the community and even indicated he intended to stay for an indefinite period in the future, saying "I'm looking forward to what the future holds . . . for my family in Harrisburg." *Id.; see also* Compl. ¶ 37 (claiming as part of his damages having to "uproot his family").

4.      NMAR is a non-profit corporation incorporated under the laws of the State of New Mexico, with its principal place of business in Santa Fe, New Mexico. *See* 28 U.S.C. § 1332(c) (noting that, for the purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated, and the state where it has its principal place of business).

5.      Accordingly, the parties are diverse for the purposes of this Court's jurisdiction.

**The Amount in Controversy Exceeds $75,000.**

6.      Plaintiff alleges he had a three (3) year contract with NMAR with a salary of $215,000 per year plus other benefits. He seeks unspecified damages, including lost compensation, losses incurred in looking for a new job, and emotional distress damages, punitive damages, interest and attorney's fees and costs. **Exhibit A**, Complaint.

7.      Although Plaintiff's Complaint does not state an amount in controversy, the nature of the case, type of relief, and Plaintiff's salary, make it clear that the amount in controversy

exceeds $75,000, and thus satisfies the jurisdictional requirement set forth in 28 U.S.C. § 1332. "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the petition for removal." *Lonnquist v. J.C. Penney Co.,* 421 F.2d 597, 599 (10th Cir. 1970). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2)(A) ("[T]he notice of removal may assert the amount in controversy . . . ."). "A complaint that presents a combination of facts and theories of recovery may support a claim in excess of $75,000 can support removal," "[a] recovery on its face may be sufficient by itself to support removal" *Dart*, 957 135 S. Ct. at 955, 957. "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much *is in controversy* between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co*., 869 F.3d 568, 579 (7th Cir. 2017) (citation omitted). There are several nonexclusive ways that a removing defendant can demonstrate the amount in controversy including, as relevant here, by calculation from the complaint's allegations and/or by reference to the plaintiff's informal estimates or settlement demands. *Frederick v. Hartford Underwriters Ins. Co*., 683 F.3d 1242, 1247 (10th Cir. 2012); *McPhail v. Deere & Co*., 529 F.3d 947 (10th Cir. 2008).

8. Plaintiff's salary, alleged damages, and claims sufficiently establish that it is more likely than not that Plaintiff seeks damages exceeding $75,000. Give the relief sought, NMAR's burden is satisfied, and it is common for such employment cases to meet the jurisdictional amount. *See, e.g.*, *Nava v. City of Santa Fe*, 2004-NMSC-039, 136 N.M. 647 (recovery of $90,250 for emotional distress damages, following remittitur for $285,000, for sexual harassment under the

NMHRA); *Gonzales v. N.M. Dept. of Health*, 2000-NMSC-029, 129 N.M. 586 (recovery of $170,000 for retaliation claim).

9. Based on the foregoing, this action is properly removable.

10. Venue is proper before United States District Court for the District of New Mexico because it is the District Court for the district within which the action is pending in accordance with 28 U.S.C. § 1446.

11. NMAR will file a copy of this Notice of Removal with the Clerk of the First Judicial District pursuant to 28 U.S.C. § 1446(d).

12. NMAR hereby certifies that a trial in this matter has not been set, nor has a scheduling order been issued.

13. In accordance with D.N.M.LR-Civ 81.1 and 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a copy of the state court action docket sheet together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

14. NMAR demands a trial by jury.

WHEREFORE, for the foregoing reasons, NMAR seeks the following relief: (1) removal of the State Court Action to the United States District Court for the District of New Mexico; (2) that this Court assume jurisdiction over the case; and (3) that this Court enter any and all such further orders as may be necessary and proper for the continuation of this action

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

*/s/ John K. Ziegler*
John K. Ziegler
Joseph C. Haupt
320 Gold Ave SW Ste 800
Albuquerque NM 87102
Telephone: (505) 224-9160
Fax: (505) 224-9161
jkz@conklinfirm.com
jch@conklinfirm.com

*Attorneys for Defendant New Mexico Association of Realtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of October 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel C. Apodaca
Alexandra Honican
SAUCEDO HARRIGAN APODACA
GRIESMEYER APODACA PC
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87190
Tel. (505) 338-3945
daniel@shalawnm.com
alexandra@shalawnm.com
*Attorney for Plaintiff*


*/s/ John K. Ziegler*
John K. Ziegler