# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2024-02101

| | | |
|---|---|---|
| **Zachary Benjamin v. New Mexico Association of Realtors** | § § § § § § | Case Type: **Tort**<br>Date Filed: **08/30/2024**<br>Location:<br>Judicial Officer: **Sanchez-Gagne, Maria** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | New Mexico Association of Realtors | |
| **Plaintiff** | Benjamin, Zachary | Daniel C. Apodaca<br>*Retained*<br>505-338-3945(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/30/2024 | **Cause Of Actions**<br>Action Type | Other (Count 1- Violations of the New Mexico Human Rights Act (Discrimination))<br>Action |
| 08/30/2024 | **Cause Of Actions**<br>Action Type | Other (Count 2- Breach of Contract)<br>Action |
| 08/30/2024 | **Cause Of Actions**<br>Action Type | Other (Count 3- Breach of Contract of Good Faith and Fair Dealing)<br>Action |
| 08/30/2024 | **OPN: COMPLAINT**<br>*Plaintiff's Complaint for Violations of the New Mexico Human Rights Act, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing* | |
| 08/30/2024 | **JURY DEMAND 6 PERSON**<br>*Demand for Trial by Jury (6 Person)* | |
| 09/03/2024 | **Summons** | |
| | New Mexico Association of Realtors | Served 09/05/2024<br>Response Due 10/07/2024<br>Returned 09/06/2024 |
| 09/06/2024 | **SUMMONS RETURN**<br>*Summons on Complaint Return Served on 09/05/2024* | |

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| | **Plaintiff** Benjamin, Zachary | |
| | Total Financial Assessment | 282.00 |
| | Total Payments and Credits | 282.00 |
| | **Balance Due as of 10/02/2024** | **0.00** |
| 08/30/2024 | Transaction Assessment | 282.00 |
| 08/30/2024 | File & Serve Payment   Receipt # SFED-2024-5993   Benjamin, Zachary | (282.00) |

**EXHIBIT A**

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/30/2024 12:58 PM
KATHLEEN VIGIL CLERK OF THE COURT
Latisha B Garcia Trujillo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ZACHARY BENJAMIN,

    Plaintiff,

v.

NEW MEXICO ASSOCIATION OF
REALTORS,

    Defendant.

Case assigned to Sanchez-Gagne, Maria

Case No.D-101-CV-2024-02101

## PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

**COMES NOW**, Plaintiff Mr. Zachary Benjamin ("Mr. Benjamin") by and through his counsel of record, Saucedo Harrigan Apodaca Griesmeyer Apodaca PC (Daniel C. Apodaca and Alexandra Y. Honican), and hereby submit this Complaint for Violations of the New Mexico Human Rights Act, and Breach of Contract.

### PARTIES AND JURISDICTION

1. At all times relevant to this matter, Mr. Benjamin was a resident of Santa Fe County, in the State of New Mexico.

2. At all times relevant to this matter, and upon information and belief, Defendant the New Mexico Association of Realtors, ("NMAR") is a domestic non-profit corporation licensed to do business in the State of New Mexico.

3. NMAR provides services throughout the state of New Mexico and has a principal place of business located at 549 S. Guadalupe Tr., Santa Fe, NM 87501.

4. At all times pertinent, Defendant NMAR acted through its agents, managers, employees and representatives, and is responsible for their actions and omission under the doctrine of *respondeat superior*.

5. At all times material to this Complaint Mr. Benjamin was employed by NMAR as its Chief Executive Officer ("CEO").

6. NMAR was an employer of Mr. Benjamin as defined under the New Mexico Human Rights Act.

7. On March 11, 2024, Mr. Benjamin submitted a formal Charge of Discrimination with the EEOC and the New Mexico Department of Workforce Solutions Human Rights Bureau, in which he noted the discrimination based on religion which forms the partial basis of this Complaint.

8. Mr. Benjamin's Charge of Discrimination was investigated by the EEOC and NMHRB was given Charge No. of HRD# 24-03-03220-S/ EEOC# 39-B-2024-00171.

9. On June 24, 2024, the HRB issued an Order of Non-Determination on Mr. Benjamin's Charge of Discrimination and otherwise issued the "notice of your right to sue" letter.

10. Pursuant to N.M.S.A. 1978 §§ 28-1-10 and 28-1-13, Plaintiff has exhausted his administrative remedies and is filing this Complaint within ninety (90) days of receipt of the Order of Non-Determination.

11. The actions giving rise to this lawsuit, and the contract that forms the basis of the employment agreement was executed and otherwise occurred at NMAR's principal place of business in Santa Fe County, New Mexico. Pursuant to N.M.S.A. 1978 § 38-3-1(A), venue is proper in this Court.

**FACTUAL ALLEGATIONS**

12. The NMAR is a non-profit Realtor Association located in Santa, Fe which has a service mission to "identify, develop and deliver critical member services to advance the business interests, professionalism, and success of [its] members."

2

13. During all times material to this Complaint the NMAR employed fifty (50) or more persons.

14. At all points relevant to this matter, NMAR acted though its employees, staff, and board members and is thus responsible for their actions under theories of respondeat superior and vicarious liability.

15. On or about April 11, 2023, Mr. Benjamin entered into an Employment Agreement with the NMAR to "act as its Chief Executive Officer ('CEO')".

16. The Term of Employment as agreed upon by Mr. Benjamin and the NMAR was "three (3) years, beginning June 15, 2023…and ending June 14, 2026."

17. As per the Employment Agreement, Mr. Benjamin was to be compensated for his work with the NMAR in the amount of $215,000.00 as a base salary, plus performance bonuses and benefits, in exchange for providing his services as the CEO.

18. Further, as per the Employment Agreement Mr. Benjamin was to receive reimbursement by NMAR for professional training up to $5,000 per year.

19. Mr. Benjamin is Jewish, and at all points relevant to this matter, NMAR and its employees and board members knew of Mr. Benjamin's religion.

20. In relying on the terms of the Employment Agreement, Mr. Benjamin relocated his family, including his wife and six-year-old daughter from Long Beach, California, to Santa Fe, New Mexico where the family anticipated to live, and become part of the community for the foreseeable future.

21. At all times relevant to this matter, Mr. Benjamin was, and remained, qualified for his position as the CEO of NMAR.

22. During the time that Mr. Benjamin was employed by NMAR, he was subjected to harassment and discrimination based on his Jewish religion.

23. Throughout his tenure as the CEO of NMAR, Mr. Benjamin was subjected to persistent and unwelcomed harassment and discrimination based on his religion.

24. On multiple occasions, Mr. Benjamin was cautioned about expressing his religion, practicing his religion, observing Jewish holidays, or expressing pro-Israel statements, as it would "give ammunition" for various NMAR board members to take disciplinary action against him.

25. The discrimination faced by Mr. Benjamin continued to increase throughout his tenure.

26. This discrimination became the underlying basis for which various members of the NMAR board, and other supporting staff began to attempt to build a case to terminate Mr. Benjamin.

27. Throughout his tenure, various members of NMAR slandered Mr. Benjamin's professional reputation by referring to him as "that idiot," or noting to other professionals that he was "over his head."

28. On or about December 20, 2023, Mr. Benjamin was presented a letter from NMAR President Hubert Hill in which it was noted that "your employment with the New Mexico Association of Realtors… is terminated effective immediately."

29. This Termination Letter continued to note that "at the election of the executive committee of NMAR, you are being terminated for cause pursuant to section 14.1(a)(i) of the employment agreement between NMAR and yourself…"

30. Section 14.1(a)(i) of the Employment Agreement provides that NMAR may immediately terminate the Agreement and the employment of Mr. Benjamin upon "Executive's fraud, misappropriation, embezzlement, dishonestly, inexcusable neglect of duty, gross incompetence, intoxication on the job, at an NMAR-sponsored event or event Executive is attending as a representative of NMAR, and any criminal conduct, whether directly related to Executive's employment with NMAR or not."

31. At no point prior to his termination was Mr. Benjamin counseled on any alleged performance issues, thus, his termination came at a complete shock.

32. At no point prior to his termination was Mr. Benjamin provided with written notice of NMAR's concerns or proposed plan to terminate the Employment Agreement.

4

33. At the time of his termination, there was insufficient "Just Cause," as defined by the Employment Agreement, for NMAR to terminate the Employment Agreement of Mr. Benjamin.

34. When asked about the reasoning for his termination, NMAR refused to provide written documentation as to the basis of its "Just Cause" to Mr. Benjamin, and instead informed him orally that the basis was due to his efforts in investigating the potential sale of the New Mexico Multiple Listing Service ("NMMLS"), and due to concerns they had about his investigation into the proper classification of NMAR's employees.

35. All actions taken by Mr. Benjamin during his tenure at the NMAR were either at the direction of NMAR board members, were done in efforts to further the goals of NMAR, and/or were done upon the approval of NMAR.

36. NMAR's offered basis for its termination of Mr. Benjamin is factually inaccurate, and does not otherwise raise to the level of "Just Cause" as defined by the Employment Agreement.

37. As a result of the improper termination of Mr. Benjamin, Mr. Benjamin has faced significant personal and professional damages, including but not limited to being forced to once again uproot his family as he was forced to find new employment in another state.

**COUNT I: VIOLATIONS OF NEW MEXICO HUMAN RIGHTS ACT (Discrimination)**

38. Mr. Benjamin incorporates all preceding paragraphs as if fully set forth herein.

39. Throughout his employment, NMAR subjected Mr. Benjamin to harassment and discrimination through the acts and behaviors of its employees and through a hostile work environment.

40. The harassment and discrimination of Mr. Benjamin was due to his Jewish religion.

41. The religious discrimination of Mr. Benjamin ultimately resulted in-and played a significant role in-NMAR's decision to terminate Mr. Benjamin on or about December 20, 2023.

42. NMAR's management and President knew of the harassment Mr. Benjamin was subjected to and failed to take any remedial actions to rectify such harassment despite its internal policies which claim to "not… permit discrimination against any individual based on a person's protected status such as sex (including pregnancy), color, race, ancestry, religion, national origin…genetic information or family genetic history, spousal affiliation, or any other protected group."

43. As a result of NMAR's harassment and discrimination, Mr. Benjamin is entitled to an award of compensatory damages under the New Mexico Human Rights Act, damages for his emotional and mental anguish, humiliation and embarrassment, his costs and attorney fees, and such other relief as deemed necessary in the interest of justice.

## COUNT II: BREACH OF CONTRACT

44. Mr. Benjamin incorporates all preceding paragraphs as if fully set forth herein.

45. On or about April 11, 2023, Mr. Benjamin entered into a contract with NMAR in the form of an Employment Agreement.

46. As per the Employment Agreement, Mr. Benjamin was to serve as the CEO of NMAR for an Initial Term of three years, from June 15, 2023 to June 14, 2026.

47. The Employment Agreement was to remain "in full force and effect for the Initial Term and any subsequent renewals" unless terminated as per Section 14 of the Agreement.

48. On or about December 20, 2023, NMAR terminated the Employment Agreement with Mr. Benjamin, which was not done in accordance with the terms of the Employment Agreement.

49. Thus, on December 20, 2023, NMAR breached its contract with Mr. Benjamin.

50. As a result of NMAR's breach of the contract, Mr. Benjamin suffered damages including but not limited to lost wages, loss of benefits including retirement benefits, damage to his professional

reputation, damages as a result of his mitigation efforts including relocation, and emotional distress damages in an amount to be proven at trial.

51. As the actions of NMAR in breaching the contract with Mr. Benjamin were willful, wanton, malicious, oppressive, fraudulent, and committed with a wanton disregard for Mr. Benjamin's rights, Mr. Benjamin is further entitled to recover punitive damages.

### COUNT III: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

52. Mr. Benjamin incorporates all preceding paragraphs as if fully set forth herein.

53. Within every contract, there is an implied covenant of good faith and fair dealing that the parties will not injure one another's right to receive the full benefits of the contract.

54. In terminating the Employment Agreement early, and in terminating the Employment Agreement not in accordance with the terms of that agreement, NMAR sought to prevent Mr. Benjamin from fully completing his performance of the Employment Agreement.

55. In terminating the Employment Agreement early, and in terminating the Employment Agreement not in accordance with the terms of that agreement, NMAR breached its covenant of good faith and fair dealing with Mr. Benjamin.

56. As a result of its breach of the covenant of good faith and fair dealing, NMAR has subjected Mr. Benjamin to damages in an amount to be proven at trial.

**WHEREFORE**, Mr. Benjamin respectfully requests the Court enter judgment in his favor, for relief on his claims, and for the following damages:

A. Loss of past and future compensation;

B. Damages for emotional distress, mental anguish, humiliation, loss of professional reputation, and embarrassment;

C. Losses incurred in searching for and obtaining alternative employment;

7

D.  Pre-and post-judgement interest as provided by law;

E.  Statutory damages including but not limited to attorney's fees;

F.  Punitive damages; and

G.  Such other relief as the Court deems just and proper.

Respectfully submitted,

SAUCEDO HARRIGAN APODACA
GRIESMEYER APODACA PC

By: */s/ Daniel C. Apodaca*
    Daniel C. Apodaca
    Alexandra Honican
800 Lomas Blvd. NW, Suite 200 Albuquerque, NM 87190
(505) 338-3945
daniel@shalawnm.com
alexandra@shalawnm.com

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/30/2024 12:58 PM
KATHLEEN VIGIL CLERK OF THE COURT
Latisha B Garcia Trujillo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ZACHARY BENJAMIN,

    Plaintiff,

v.      Case No. D-101-CV-2024-02101

NEW MEXICO ASSOCIATION OF
REALTORS,

    Defendant.

## DEMAND FOR TRIAL BY JURY

**COMES NOW** Plaintiff, by and through his attorney of record, Saucedo Harrigan Apodaca Griesmeyer Apodaca PC (Daniel C. Apodaca and Alexandra Y. Honican), and hereby requests trial by a six (6) member jury. A deposit of One Hundred Fifty Dollars ($150.00) is tendered herewith.

Respectfully Submitted:

**SAUCEDO HARRIGAN APODACA
GRIESMEYER APODACA PC**

By:    */s/ Daniel C. Apodaca*
      Daniel C. Apodaca
      Alexandria Y. Honican
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
Ph: (505) 338-3945
Fax: (505) 338-3950
Email: daniel@shalawnm.com
Email: alexandra@shalawnm.com

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
9/6/2024 3:00 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mariah Gonzales

# SUMMONS ON COMPLAINT RETURN

| District Court:<br>FIRST JUDICIAL DISTRICT COURT<br>Santa Fe County, New Mexico<br>Court Address:<br>225 Montezuma Ave.<br>Santa Fe, NM 87501<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2024-02101<br><br>Assigned Judge: Maria Sanchez-Gagne |
|---|---|
| Plaintiff:<br>ZACHARY BENJAMIN,<br>vs.<br><br>Defendants:<br>NEW MEXICO ASSOCIATION OF REALTORS. | Defendant Name:<br>NEW MEXICO ASSOCIATION OF REALTORS<br><br>Address:<br>Registered Agent<br>M Steven Anaya<br>549 S Guadalupe<br>Santa Fe, NM 87501 |

**TO THE ABOVE NAMED DEFENDANT: Take notice that:**

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than **thirty (30) days** from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated: September 3rd, 2024

Kathleen Vigil
**CLERK OF THE DISTRICT COURT**

By: /s/ Deputy

**SAUCEDO HARRIGAN APODACA**
**GRIESMEYER APODACA PC**

By: /s/ Daniel C. Apodaca
   Daniel C. Apodaca
Post Office Box 30046
Albuquerque, NM 87190
(505) 338-3945
daniel@shalawnm.com
*Attorneys for Plaintiff*

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**
**RETURN**[1]

STATE OF NEW MEXICO      )
                                            ) ss
COUNTY OF _Santa Fe_   )

I, _Patricia Maestas_, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _5_ day of _September_, 2018, by delivering a copy of this Summons, with copies of these attached documents: 1) Complaint, 2) Jury Demand, and 3) 1st Set of Discovery, following manner:

(*check one box and fill in appropriate blanks*)

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[✓] to _Lola Franklin, CEA_, an agent authorized to receive service of process for defendant. _New Mexico Association of Realtors 549 S. Guadalupe St. Santa Fe, NM 87501_

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $ 109.98

_____
Signature of person making service

___Private Process Server___
Title (*if any*)

Subscribed and sworn to before me this 5 day of September 2024

_____
Judge, notary or other officer
authorized to administer oaths

MANUEL A MAESTAS
Notary Public
State of New Mexico
Comm. # 1099337
My Comm. Exp. Dec 4, 2027

___Notary___
Official title

## USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]




9/5/24
3:45 pm

**Lola Franklin, CAE**
Chief Executive Officer

Main 505-982-2442
Direct 505-467-6309
lolafranklin@nmrealtor.com
www.nmrealtor.com
549 S Guadalupe St, Santa Fe, NM 87501